IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CR-0134-B |
| | ) | |
| IRENE ANDERSON, | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference signed July 28, 2011, before the Court is Defendant's *Request for Return of Seized Property Pursuant to Federal R. Crim. P. 41(g)*, received July 14, 2011 (doc. 55). Based on the relevant filings and applicable law, the motion should be **CONSTRUED** and opened as a civil action under 28 U.S.C. § 1331, and the Government's response should also be filed in that action.

## I. BACKGROUND

Defendant was arrested pursuant to a criminal complaint on April 22, 2008. (*See* doc. 1.) She pled guilty to Count 3 of the indictment on August 21, 2008, charging her with mail fraud, and the Court entered a judgment sentencing her to forty-six months of imprisonment on February 17, 2009. (*See* docs. 19-22, 30.) Her appeal was dismissed as frivolous on January 8, 2010. (*See* doc. 48.) On March 10, 2010, she filed a motion under Fed. R. Crim. P. 41(g) in her criminal case seeking return of certain property seized from her in connection with her arrest during a traffic stop in Wylie, Texas, on April 2008. (*See* doc. 50.) In her reply to the government's response, she clarified that she was seeking return of a laptop and $225 in cash in addition to other property seized during the Wylie traffic stop. (*See* doc. 53.) The Court granted the motion in part and denied it in part by electronic order dated September 13, 2010, pending resolution of Defendant's appeal of the denial of her motion to vacate sentence under 28 U.S.C. § 2255 in Civil No. 3:10-CV-227-B. (*See*

doc. 54.) The Fifth Circuit Court of Appeals denied her a certificate of appealability in that case on February 11, 2011. (*See* doc. 19 in No. 3:10-CV-227-B.) On July 14, 2011, Defendant filed a second motion for return of her property in her criminal case. (*See* doc. 55.)

## II. MOTION FOR RETURN OF PROPERTY

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" may file a motion for return of the property. When the motion is filed in a criminal action that has already concluded, as here, the motion is properly construed as a civil action for the return of property under the court's general equity jurisdiction under 28 U.S.C. § 1331. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). The Court should therefore liberally construe Defendant's motion as a civil action under § 1331 and direct that it be opened as a new civil case.[1]

## III. RECOMMENDATION

Defendant's July 14, 2011 motion for return of property (doc. 55) should be **CONSTRUED** as a civil action seeking the return of property. The Clerk of the Court should be **DIRECTED** to open a new civil case, file the motion as a civil complaint in that case, and directly assign the new case to Judge Jane J. Boyle and Magistrate Judge Irma Carrillo Ramirez. The Clerk should also be directed to file the Government's response (doc. 56) in that case.

---

[1] Because Defendant's motion is properly construed as civil action, she will be subject to the provisions of the Prison Litigation Reform Act ("PLRA") and the required payment of the $350 filing fee either in a lump sum or in installments. *See Pena v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997).

SO RECOMMENDED on this 2nd day of August, 2011.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE